IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MARYANN PUTMAN, | : | Case No. 1:21-cv-14 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 14)**

This case is before the Court on Defendant Allstate Insurance Company's motion for partial judgment on the pleadings (Doc. 14). Plaintiff Maryann Putman filed a response in opposition (Doc. 15), to which Allstate filed a reply (Doc. 16), making this matter ripe for review. For the reasons below, Allstate's motion is **GRANTED**.

**FACTS**

Putman was hired by Allstate in 2008 to sell insurance. (*See* Exclusive Agency Agreement, Doc. 3 at p. 5-14) ("Agreement"). The parties agreed that Putman would work as an agent on behalf of Allstate, and Allstate would "own all business produced under the terms of th[e] Agreement." (*Id.* at p. 5, § I.A.) Allstate could fire Putman either immediately for cause, or without cause upon 90-day written notice. (*Id.* at p. 12, §XVI.B.2-3.)

On September 22, 2020, Allstate notified Putman that she was fired "effective immediately." (*See* Doc. 3-1 at p. 174-75.) Allstate contends she was terminated for

cause. Putman disagreed and brought this lawsuit for breach of contract.

Relevant here, Putman also asks the Court for injunctive and declaratory relief: (1) "injunctive relief barring [Allstate] from unilaterally and immediately terminating the Agreement without cause," and (2) "declaratory judgment as to the status of the contractual relationship." (*See* Complaint, Doc. 3 at p. 3.) Allstate has moved for judgment on the pleadings as to both claims under Fed. R. Civ. P. 12(c). (*See* Doc. 14.)

## LAW

The standard of review for a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same as for a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). The Court construes the complaint in the light most favorable to the plaintiff, accepts all allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Coley v. Lucas County*, 799 F.3d 530, 537 (6th Cir. 2015). "[T]he plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although the Court accepts well-pleaded factual allegations as true, it need not accept "a formulaic recitation of the elements of a cause of action" or "legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

ANALYSIS

A. Injunctive Relief

Putman requests "injunctive relief barring [Allstate] from unilaterally and immediately terminating the Agreement without cause." (Doc. 3, at p. 3.) To be entitled to an injunction, Putman must demonstrate that: (1) she suffered an irreparable injury; (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury"; (3) "considering the balance of hardships between" Putman and Allstate, "a remedy in equity is warranted"; and (4) it is in the public's interest to issue the injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010); *see also Audi AG v. D'Amato*, 469 F.3d 554, 550 (6th Cir. 2006). Allstate argues that injunctive relief would be inappropriate because, among other things, Putman has not suffered any irreparable harm. The Court agrees.

It is well settled that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). "The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) (collecting cases). And here, any damages Putman may be entitled to are entirely monetary. Under the terms of the Agreement, Putman was compensated by Allstate solely though commissions and bonuses. (*See* Agreement, Doc. 3 at p. 11, § XV.) Should Putman succeed with her case, her damages could be calculated based on the amount of commissions and bonuses

3

Allstate wrongly withheld from her.

The only argument Putman makes to the contrary is that monetary damages "cannot ensure that she has a book of business to return to once [Allstate]'s breach has been remedied." (Doc. 15 at p. 2.) This argument fails. First, the monetary value of Putman's former book of business can be quantified and remedied through money damages. Second, and equally important, Putman has no ownership interest in her former book of business. Putman entered into an Agreement with Allstate, under which she agreed to work as an agent and act on Allstate's behalf. Putman was paid commission and bonuses on the business she brought into Allstate. But Allstate — not Putnam — owned "all business produced under the terms of the Agreement." (Agreement, Doc. 3 at p. 5, § I.A.) Indeed, Putman held "an economic interest" in the "customer accounts developed under th[e] Agreement." (*Id.* at p. 11, § XVI.B.) "That economic interest," however, "is a specifically defined, limited interest . . . comprised of only two elements." (*See* Exclusive Agency Manual, Doc. 3-1 at p. 126-27.) "First, the economic interest includes the option, where applicable, of receiving a termination payment according to the terms of [the] Agreement." (*Id.*) "Second, the economic interest includes the ability to transfer your interest as provided in the [] Agreement" (*id.*), *i.e.* Putman could transfer her economic interest in the business "upon termination of th[e] Agreement by selling [it] to an [Allstate] approved buyer." (Agreement, Doc. 3 at p. 11, § XVI.B.) In other words, the only "economic interest" Putman had in her book of business was the right, upon termination to: (1) transfer her interest to an Allstate approved buyer, or (2) receive a termination payment in lieu of such a sale.

4

Putman's limited "economic interest" is further defined in the Exclusive Agency Manual, which is "expressly incorporated in [its] entirety as part of th[e] Agreement." (Agreement, Doc. 3 at p. 5, § I.C.) It provides that:

> No other rights are included within the terms "your economic interest" or "economic interest in the book of business." You do not have any ownership interest in any of the business written under the [] Agreement[] . . . You do not have any right to renewals or renewal commissions of any kind after termination of your [] Agreement. The Company retains ownership of each item of business and of the entire book of business, including renewals. You do not have any ownership interest in expirations, renewals, or in any information about the customers to whom you have sold Company business. All such information remains the property of the Company.

(Exclusive Agency Manual, Doc. 3-1 at p. 126-27.) Moreover, the Agreement also includes a non-compete provision, under which Putman is prohibited from soliciting any of the customers in her former book of business for a period of one year. (*See* Agreement, Doc. 3 at p. 12, § XVIII.D.)

In sum, Putnam has not suffered any irreparable harm. Her financial interests are expressly limited by the terms of the Agreement to: (1) receiving commissions and bonuses while working as an Allstate agent; and (2) upon termination, either: (a) selling her book of business to an Allstate approved buyer, or (b) accepting a contractual termination payment. These interests are easy to quantify and can be remedied through monetary damages. As such, Putman's claim for injunctive relief is **DISMISSED**.

### B. Declaratory Relief

Putman also seeks "declaratory judgment as to the status of the contractual relationship from September 22, 2020 to present." (Doc. 3 at p. 3.) Allstate contends that this claim should be dismissed as duplicative. The Court agrees.

5

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 938 (S.D. Ohio 2012) (*quoting* 28 U.S.C. § 2201(a)). While courts have the discretion to decide whether to entertain a declaratory judgment action, they typically "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Moreover, declaratory judgment is typically sought before an injury-in-fact has occurred. *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). As such, courts routinely find that declaratory relief is inappropriate when the "claims have ripened into a cause of action." *Miami Valley*, 852 F. Supp. 2d at 938. For example, in *Miami Valley*, the court held that where the "validity and enforceability of the contracts have already been placed at issue" by a breach of contract claim, declaratory relief is not appropriate because the "claim for damages is a better and more effective remedy." *Id. See also, e.g., Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 908 (6th Cir. 1999) ("it is clear in the present case that a declaratory judgment would be redundant with the relief already sought for breach of contract"); *McGlone v. Centrus Energy Corp.*, 2020 WL 4431482, at *16 (S.D. Ohio July 31, 2020) (dismissing claim for declaratory judgment as duplicative of plaintiff's claim for breach of contract); *Waldren v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 5214608, at *9 (S.D. Ohio Sept. 1, 2020) (same); *Transworld Delivery, Inc. v. Fleurop–Interflora*, 261 F.Supp.2d 837 (E.D. Mich. 2003) (same); *Pakideh v. Ahadi*, 99 F. Supp. 2d

6

805, 809 (E.D. Mich. 2000) (same).

Here, the basis of Putman's claim for declaratory judgment—the status of the contractual relationship—has already ripened into a cause of action for breach of contract. Since the adjudication of Putman's breach of contract claim will necessarily decide "the status of the contractual relationship," declaratory judgment on the same issue is unnecessary and duplicative. Putman's claim for declaratory judgment is therefore also **DISMISSED**.

## CONCLUSION

For the reasons above, Allstate's motion for partial judgment on the pleadings (Doc. 14) is hereby **GRANTED**. Putman's claims for injunctive and declaratory relief are therefore **DISMISSED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
JUDGE MATTHEW W. McFARLAND

7